163 So. 362

## HINGLE v. STATE.

### 7 Div. 53.

Court of Appeals of Alabama.
April 16, 1935.

Rehearing Denied May 21, 1935.

J. J. Cockrell, of Talladega, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant ·was tried on the complaint of the solicitor following an appeal from the county court as follows: "Comes the State of Alabama by its Solicitor and complaint of Joe Hingle that since November 1st, 1932, he did operate for profit a gasoline filling station. or pump where two pumps or fillers were used, in the City of Talladega, without first having paid the privilege tax or license therefor as provided by law, within said county and prior to the commencement of this prosecution."

The charge is based upon a license fixed by statute for the operation of filling stations or pumps, the amounts of said license being designated and graded by Schedule 79, § 334 of 1929, Revenue Laws, p. 263 (section 20, Gen. Acts 1927, pp. 139, 161), which, so far as this case is concerned, fixes a license of $25 for each pump used in the operation of the defendant's filling station.

The only question involved in this appeal is as to whether the defendant was ·operating his filling station with one pump or two. If there was only one pump at the station with which defendant served the public in the sale of gasoline, and for which he had paid the license as required by law, there could be no conviction. If, on the other hand, there were two pumps used for service of the general public in

the dispensing of gasoline, the defendant would be guilty.

The state contends, and the testimony of the several witnesses for the state tends to prove, that there were two pumps, and that these pumps were used indiscriminately in the sale of gasoline to the general public. The defendant contends that pump No. 2 was connected with a separate tank in which was stored gasoline belonging to various parties, who had purchased gasoline out of the state, and that it was shipped to defendant for them and stored in this separate tank to be delivered to them as required. Whether this would be a defense to this prosecution we are not called upon to decide, as at best it would only raise a conflict in the evidence, but in this connection we call attention to the recent case of Treas v. Price, 167 Miss. 121, 146 So. 630, in a case similar if not quite on "all fours" with the case at bar.

Under the evidence in this case, the court did not err in refusing to give at the request of defendant the general affirmative charge.

There is no error in the record, and the judgment is affirmed.

Affirmed.